UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 1:12-CR-0102 |
| : | |
| ERIC CHAMBERS, : | |
| Defendant  : | |

*M E M O R A N D U M*

*I.   Introduction*

We are considering a pro se motion filed by Defendant, Eric Chambers, pursuant to 28 U.S.C. § 2255.  (Doc. 142).  Defendant was indicted in April 2012 for possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g) and 924(e).[1]  (Doc. 1).  Following a jury trial in June 2013, Defendant was convicted.  (Doc. 106).  We subsequently sentenced him to 200 months' imprisonment.  (Doc. 129). Defendant appealed his conviction and sentence, and the Third Circuit affirmed.  (Doc. 138-2).  Now Defendant asks us to vacate his conviction and sentence pursuant to § 2255; he claims his counsel provided ineffective assistance by failing to file a proper motion to suppress and failing to make proper objections.  (Doc. 142 at 4, 7).  For the reasons discussed below, we will deny Defendant's motion.

---

1. Defendant was also indicted for possession of a stolen firearm.  (Doc. 1).  Prior to trial, however, that charge was dismissed at the request of the Government.  (Doc. 99).

*II.      Background*

On September 10, 2011, Jalil Walters suffered gunshot wounds to his elbow and abdomen. (Doc. 33 at 1). Walters later identified Defendant as the man who shot him. (Id.). On January 9, 2012, a confidential informant notified Harrisburg Police that Defendant was staying at a nearby hotel and was driving a white Volvo with dark tinted windows. (Id.). Upon investigation, police located Defendant at the Red Roof Inn on Eisenhower Boulevard in Swatara Township and arrested him as he exited Room 151. (Id.).

On the same day, police sought and obtained a warrant to search the hotel room. (Id.). The warrant identified the items to be searched for and seized as follows: "any firearms, to include a silver revolver handgun, bullets, shell casings, holsters, carring [sic] cases, gun cleaning equipment, documentation in the name of Eric Chambers, documentation and photographs showing ownership and/or possession of a firearm." (Doc. 142-1 at 4). The warrant described the place to be searched as "950 Eisenhower Blvd, Harrisburg, PA 17111, Room number 151 (Red Roof Inn)," and it named Takia Jones, one of Defendant's friends, as the occupant of the room. (Id.). Upon searching the hotel room, police recovered a .40 caliber Sturm Ruger Model P94 semiautomatic handgun, two loaded magazines, and a cell phone. (Doc. 33 at 1).

The following day, police sought and obtained a warrant to search Defendant's vehicle, which was parked outside of the hotel room. (Id.). The warrant identified the items to be searched for and seized from Defendant's 1999 Volvo S-70 as follows: "a large caliber silver revolver; any ammunition, any photographs or records indicating ownership, possession or sale of firearms; any documentation or photographs

2

indicating ownership or possession by ERIC CHAMBERS or any other person that may have been in the below mentioned vehicle." (Doc. 142-1 at 2). During a search of the car, police seized a holster from a pocket located on the back of the front passenger seat. (Doc. 134 at 66-67).

Defendant, through counsel, filed a motion to suppress the evidence recovered pursuant to each search warrant. (Doc. 24). He made five arguments in support: (1) the warrants were insufficient on their face; (2) the warrants were not supported by probable cause; (3) the information relied upon in the affidavits of probable cause was stale; (4) the warrants contained insufficient information to support a belief that the property sought would be found in the places to be searched; and (5) the police prepared and executed the warrant for the hotel room beyond their jurisdiction. (Id.). Finding all five arguments to lack merit, we denied Defendant's motion to suppress. (Doc. 33).

At Defendant's trial, the Government entered the handgun and holster into evidence. (Doc. 134 at 57-58, 67). Detectives demonstrated for the jury that the handgun recovered from the hotel room fit into the holster recovered from Defendant's car. (Id. at 71). During closing argument, the Government relied on this demonstration, in addition to many other pieces of evidence, to argue that Defendant should be found guilty of possessing the handgun. (Doc. 135 at 187).

In the motion *sub judice*, Defendant first claims that his counsel was constitutionally ineffective because the motion to suppress the holster should have included an argument that the holster was beyond the scope of the warrant. (Doc. 142 at 4-6). For his second claim, Defendant asserts that his counsel provided ineffective

3

assistance by failing to make proper objections to the gun recovered from the hotel room. (Doc. 142 at 7-9).

*III.       Discussion*

   *A. Standard of Review*

Under 28 U.S.C. § 2255, a federal prisoner may file a motion challenging his conviction or sentence as being in violation of the federal constitution or federal law. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Pursuant to Rule 4(b) of the Rules Governing § 2255 proceedings, "[t]he judge that receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

   *B. Ineffective Assistance of Counsel Claims*

The Sixth Amendment guarantees federal criminal defendants the right to effective assistance of trial counsel. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."); McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (stating that "the right to counsel is the right to the effective assistance of counsel"). For a defendant to establish that his trial counsel provided constitutionally ineffective assistance, he must satisfy the two-prong standard set out in Strickland v. Washington. Pursuant to this standard, the defendant must first show that counsel's representation was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). This requires showing that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." Id. at 688. If the defendant satisfies the first prong, then he "must show that the deficient performance

prejudiced the defense." Id.  That is, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  We address each of Defendant's ineffectiveness arguments below and find that both arguments fail the deficiency prong.

*1. Whether Counsel Failed to File a Proper Motion to Suppress*

Defendant argues that the holster was unlawfully seized because it was not identified in the warrant to search his car as an item to be searched for and seized.  (Doc. 142 at 4).  Rather, the holster was only identified in the warrant authorizing the search of the hotel room.  Thus, Defendant claims that his counsel was ineffective by failing to include in the motion to suppress an argument that the holster was beyond the scope of the warrant to search his car.  (Id.).

The Fourth Amendment protects people from unreasonable searches and seizures. U.S. CONST. amend. IV.  As a general rule, a search or seizure is per se unreasonable unless it is has been authorized by a valid warrant. Katz v. United States, 389 U.S. 347, 357 (1967).  A search or seizure is only authorized by a warrant when it is limited to the areas or things particularly described in the warrant. U.S. CONST. amend. IV (stating that "no Warrants shall issue, but upon . . . particularly describing the place to be searched, and the persons or things to be seized"); Maryland v. Garrison, 480 U.S. 79, 84 (1987) (stating that this requirement ensures that searches and seizures are limited to the "specific areas and things for which there is probable cause," preventing "the wide-ranging exploratory searches the Framers intended to prohibit").  There are, however, several well-delineated exceptions to the warrant requirement. Katz, 389 U.S. at 357.  If an exception applies, a search or seizure is reasonable – even in the absence of a warrant.

Here, the plain view exception applies to the seizure of the holster. Pursuant to the plain view doctrine, police may seize incriminating evidence in "plain view" during the course of a lawful search. United States v. Menon, 24 F.3d 550, 559 (3d Cir. 1994). For this exception to apply, three requirements must be met. "First, the officer must not have violated the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed. Second, the incriminating character of the evidence must be immediately apparent. Third, the officer must have a lawful right of access to the object itself." Id.; see, e.g., Horton v. California, 496 U.S. 128, 134 (1990) ("An example of the applicability of the 'plain view' doctrine is the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character.").

All three requirements are met in this case. First, because the police had a valid warrant to search Defendant's car, see (Doc. 33), they did not violate the Fourth Amendment in arriving at the place from which the holster could be plainly viewed.

Next, the requirement that the incriminating character of the evidence be immediately apparent is met if there is "probable cause to associate the property with criminal activity." Texas v. Brown, 460 U.S. 730, 741-42 (1983). This "merely requires that the facts available to the officer would warrant a [person] of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime . . . ." Id. Here, police recovered a gun while searching the hotel room to which Defendant had access. The following day, police searched Defendant's vehicle, which had been parked directly outside his hotel room, and discovered the holster. These facts

6

would warrant a reasonable person to believe that the holster was useful as evidence of Defendant's possession of the firearm.

Last, an officer has a lawful right of access to the object itself if the officer's "search fits within the literal terms of the warrant and is a reasonable means of obtaining the objects described in the warrant." Menon, 24 F.3d at 560. Both are satisfied here. The search was within the literal terms of the warrant because the warrant permitted officers to search the entire vehicle, and it was a reasonable means of obtaining the objects listed in the warrant – namely, ammunition, photographs, and documents – because those items could fit within the pocket located on the back of the passenger seat.

Because the plain view exception applies in this case, the officers did not need a warrant authorizing the seizure of the holster. Accordingly, it was not objectively unreasonable for Defendant's counsel to fail to argue that the holster was beyond the scope of the warrant to search Defendant's car. Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.").

*2. Whether Counsel Failed to Make Proper Objections*

Defendant next argues that the firearm seized from the hotel room could not be used to convict him at trial. He makes several arguments in support: (1) the search warrant for the hotel room was "issued against Takia Jones" and not against him; (2) no witnesses testified before the Grand Jury that he possessed or owned the firearm; (3) five people had access to the hotel room, and the Government failed to question two of those people about the ownership of the handgun; and (4) his fingerprints were not recovered from the handgun. (Doc. 142 at 7-9). Defendant claims that his counsel provided

ineffective assistance because he "fail[ed] to preserve these issues by properly objecting." (Id. at 8).

As we read it, the core of Defendant's argument relates to the sufficiency of the evidence used to convict him. He is claiming that there was insufficient evidence to establish that he constructively possessed the firearm because the hotel room where the gun was found was rented to Takia Jones, no witnesses testified that the gun belonged to him, multiple people had access to the hotel room, and no fingerprints were recovered from the gun. Thus, Defendant is arguing that his counsel was ineffective by failing to object to his conviction on the basis of insufficient evidence.

Defendant's argument is belied by the record. His counsel did object to the sufficiency of the evidence. Following Defendant's conviction, counsel filed a motion for judgment of acquittal, raising, in large part, the exact same arguments that Defendant raises now. See (Doc. 109) (arguing insufficient evidence because multiple people had access to the hotel room, no fingerprints were recovered from the handgun, and no witnesses testified to his possession of the gun).[2] We denied that motion, finding that there was ample evidence to establish Defendant's constructive possession of the firearm (Doc. 117), and the Third Circuit affirmed our ruling. See (Doc. 138-2) ("Viewing the

---

2. Defendant's instant motion does include one additional argument: the handgun seized from the hotel room could not be used against him because the search warrant was "issued against Takia Jones." To the extent that Defendant is claiming that his counsel was ineffective by failing to include this argument in the motion for judgment of acquittal, the claim is unavailing. First, the warrant was not "issued against Takia Jones," it was a warrant authorizing a search of Room 151 of the Red Roof Inn. (Doc. 142-1 at 4). Second, although the warrant identified Jones as the only owner, occupant, or possessor of the hotel room, Defendant was prosecuted under the theory that he constructively possessed the gun. Under such a theory – regardless of who owns, occupies, or possesses the place searched – the government can establish possession of a firearm by simply showing that the defendant "knowingly had both the power and intention at a given time to exercise dominion and control over the gun, either directly or through another person." United States v. Garth, 188 F.3d 99, 112 (3d Cir. 1999). Accordingly, it was not objectively unreasonable for counsel to fail to include this argument in the motion for judgment of acquittal.

8

evidence in the light most favorable to the government, a rational trier of fact could certainly have found that Chambers constructively possessed the gun."). Therefore, Defendant's claim is unfounded.

*IV.*     *Conclusion*

For the reasons discussed above, it plainly appears from the motion, attached exhibits, and record that Defendant is not entitled to relief.  Accordingly, we will issue an order denying Defendant's § 2255 motion.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  Defendant is advised, however, that he has the right for sixty (60) days to appeal our order dismissing his motion, see 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, so long as he also seeks a certificate of appealability from the court of appeals.  See Fed. R. App. P. 22.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge